### DURRANCE v. TOWN OF WEST MIAMI, et al.

Circuit Court, Dade County.

December 13, 1957.

Edward D. Cowart, Miami, for plaintiff.

Irving Yelen, Miami, for defendants.

ROBERT H. ANDERSON, Circuit Judge.

Fred C. Durrance was employed by the town of West Miami as a police patrolman on June 1, 1952 and served in that capacity until July 15, 1957, when he was dismissed by the following com-

munication—"This is to advise you that the Town Council at its regular meeting of July 15, 1957, and under the provisions of Ordinance No. 200, Section 2, Paragraph C, dated May 20, 1957, dismissed you from the services of the Town of West Miami effective July 15, 1957. Very truly yours, *H. N. Buckner,* Personnel Officer."

He says that he is in doubt as to the validity of the order of dismissal and the action of the town council and as to his rights and status as a police patrolman. He further charges that the action of the town council as to his dismissal was arbitrary, capricious, unlawful and unfounded.

The town and its councilmen, for answer to the complaint, assert that this court, in a cause therein lately pending wherein Edmund P. Cooper was plaintiff and the town of West Miami et al. were defendants (# 195125), entered a final decree on April 18, 1957, interpreting the charter of the town as containing authority to empower the council to establish a merit system for the appointment, promotion and removal of employees of the town and that the plaintiff was a member of the category so governed by the final decree. It asserts that the decree was *res adjudicata* as to the authority of the council to establish a merit system. The answer further alleges that the decree provides that ordinances nos. 96, 191 and 192, though properly promulgated and within the scope of the charter power of the town, were not properly implemented so that a merit system was not actually established, and it says that ordinance no. 200, adopted May 20, 1957, was in fact enacted in response to the judicial edict of April 18, 1957, and by the enactment of ordinance no. 200, ordinances nos. 96, 191 and 192 were repealed, and thus at all times subsequent to May 20, 1957 the only merit system which was validly in operation was that established by ordinance no. 200. It further says that the plaintiff was duly and properly discharged as a police patrolman and that his discharge was legal and not arbitrary or capricious and that the case was handled in accordance with the requirements of ordinance no. 200 and no partiality or discrimination was utilized (sic) at any time both prior and during the procedures (sic) wherein the plaintiff was discharged.

The decree in the case of Cooper v. Town of West Miami (# 195125) is not res adjudicata as to anything except that the charter of the town empowers the town council to establish a merit system for the appointment, promotion and removal of officers and employees. It recites that at the time Mayor Cooper discharged Mr. George Bruder on September 10, 1956 from the service of the town no merit system had in fact been established by the council

and, therefore, the mayor had power to effect this discharge under section 5(1) of article II of the charter and such discharge was valid and effective. It holds that ordinances nos. 191 and 192 were valid as against the attack made upon them and that ordinance no. 96 was within the scope of the charter power of the town council and was validly enacted but has not been properly implemented so that the merit system has not actually been established.

Ordinance no. 200 was an abortive attempt to establish a merit system as suggested in the court's decree. The title of this ordinance is "AN ORDINANCE CREATING A MERIT AND CIVIL SERVICE SYSTEM FOR CERTAIN EMPLOYEES OR OFFICERS OF THE TOWN OF WEST MIAMI, CREATING A DEPARTMENT OF PERSONNEL AND REPEALING ORDINANCES NO. 96, 191 and 192." However, there is no express provision in ordinance no. 200 (except in the title) repealing ordinances nos. 96, 191 and 192, and unless it can be said that they were repealed by necessary implication, they were not repealed. That, however, makes little difference in the instant case. By ordinance no. 200 the council apparently created a merit board composed of itself, or rather its members. This was in direct violation of article III, section 5 of the charter (chapter 26301, Acts of 1949), providing that "Councilmen shall be qualified electors of the Town and shall hold no other public office." Ordinance no. 200 provides, in section 4, that "the merit and civil service system established by this ordinance shall be administered by a personnel officer appointed by the Town Council." This likewise was in violation of the charter that provides that "The Mayor shall be the chief executive officer and head of the Town Government and shall have the power to—1. Appoint, and when necessary for the good of the service, remove all officers or employees of the Town except those authorized to be appointed and removed by the Town Council, and if a merit system be established by the Town Council, subject to the provisions thereof." There does not appear to be any provision in the charter authorizing the town council to appoint a personnel officer for the merit and civil service system.

The court is of the opinion that ordinance no. 200 failed to accomplish its avowed purpose. Consequently, Durrance's attempted removal by the town council from the service as a police patrolman was ineffective. Absent a valid merit system providing otherwise, he could be removed by the mayor under article II, section 5(1) of the charter.

It is therefore, ordered, adjudged, decreed and declared that the letter written by H. N. Buckner, Personnel Officer, to Fred C.

Durrance on July 17, 1957, purporting to dismiss him from the service of the town of West Miami, is illegal and of no effect and did not, nor did the action of the town council authorizing it, dismiss the plaintiff from the service of the town of West Miami as a police patrolman.